UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

№ 21-cv-1908 (ENV)(RER)

_____

BASF CORPORATION,

Plaintiff,

vs

GABRIEL'S COLLISION NORMAN AVE, INC. ET AL.,

Defendants.

_____

**REPORT & RECOMMENDATION**

January 12, 2022

_____

**TO THE HONORABLE ERIC N. VITALIANO
SENIOR UNITED STATES DISTRICT JUDGE**

**RAMON E. REYES, JR., U.S.M.J.:**

BASF Corporation ("BASF" or "Plaintiff") commenced this diversity action under 28 U.S.C. § 1332 on against Gabriel's Collision Norman Ave, Inc. d/b/a Gabriel's Collision Norman Avenue, Inc. ("Gabriel's") and Gabriel Bravo ("Bravo," and collectively with Gabriel's, "Defendants") for breach of contract and unjust enrichment. (ECF No. 1 ("Compl.")). Currently before the Court is Plaintiff's motion for default judgment against Defendant Gabriel's only. (ECF No. 13-1 ("Pl.'s Mot.")). Your Honor has referred this matter to me for a report and recommendation. (ECF order dated 7/28/21). After carefully reviewing the record, for the reasons set forth herein, I respectfully recommend that Plaintiff's motion for default judgment be **GRANTED**. to the extent set forth herein.

## BACKGROUND

I.    <u>Factual History</u>

BASF is a Delaware corporation that has its principal place of business in New Jersey. (Compl. ¶ 1). Gabriel's is a New York corporation that operates an autobody shop at 38 Norman Avenue, Brooklyn, New York. (*Id*. ¶¶ 2, 5).

BASF sells "Refinish Products" including "aftermarket paints, refinishes, coating, primers, thinners, and reducers as well as other related products and materials for the reconditioning, refinishing, and repainting" of vehicles. (*Id*. ¶ 4). Around February 25, 2017, BASF and Gabriel's entered into a contract (the "Requirements Agreement"). (*Id*. ¶ 10). Under the Requirements Agreement, Gabriel's agreed to purchase all of its Refinish Products from BASF, with a minimum purchase requirement of $1,933,000. (*Id*. ¶ 11; ECF No. 1-1 ("Requirements Agreement") ¶ 1). In exchange, BASF paid Gabriel's $275,000 as consideration for Gabriel's fulfillment of its obligations under the Requirements Agreement ("New Consideration"). (Compl. ¶ 12; Requirements Agreement ¶ 3). Additionally, Gabriel's assumed liability for $24,940 in unearned consideration that it had received from BASF under earlier agreements between the parties signed in 2012 and 2013 ("Previous Consideration," and together with the New Consideration, "Contract Fulfillment Consideration" in the amount of $299,940). (Compl. ¶ 13; Requirements Agreement ¶ 3). If the Requirements Agreement was terminated before Gabriel's fulfilled the minimum purchase requirement, Gabriel's agreed to refund the $299,940 Contract Fulfillment Consideration to BASF based on a pro rata schedule. (Compl. ¶ 14; Requirements Agreement ¶ 3).

BASF alleges that sometime around December 2019, Gabriel's shut down its business without fulfilling the minimum purchase requirement, thereby breaching the Requirements Agreement. (Compl. ¶ 16). Gabriel's purchased only $822,055 worth of BASF Refinish Products before its

2

breach (43% of its Minimum Purchases requirement), leaving an outstanding balance under the Requirements Agreement of $1,110,945. (*Id*. ¶ 18). BASF also alleges that Gabriel's failed to refund 75% of the $299,940 Contract Fulfillment Consideration ($224,955) as required by the schedule outlined in the Requirements Agreement. (*Id*. ¶ 19).

II. Procedural History

On April 8, 2021, BASF commenced this action against Gabriel's and Bravo for breach of contract and unjust enrichment, seeking damages and declaratory relief. (Compl. at 1). On July 19, 2021, after Gabriel's failed to appear or otherwise defend this action despite being properly served, BASF requested a certificate of default. (ECF Nos. 10 and 11).[1] On July 23, 2021, the Clerk of the Court entered Gabriel's' default. (ECF No. 12). On July 26, 2021, BASF filed its motion for default judgment. (Pl.'s Mot.).

## LEGAL STANDARD

Federal Rule of Civil Procedure 55, which governs here, establishes a two-step process for obtaining default judgment. *Copperwood Cap. LLC v. Jag Staffing & Consulting Servs.*, No. 20-cv-1406 (EK)(RER), 2021 U.S. Dist. LEXIS 26755 (E.D.N.Y. Feb. 10, 2021) (citing *Trs. of Leather Goods, Handbags, & Novelty Workers' Union Local 1 Joint Ret. Fund v. Cent. Fur Storage Co.*, No. 18-cv-7224 (AMD)(RER), 2019 WL 3937132, at *4 (E.D.N.Y. Aug. 2, 2019)). First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Second, after default is entered, the plaintiff can apply to the court for a default judgment. *Id*. 55(b)(2).

---

[1] Despite Plaintiff's repeated attempts, the individual defendant, Bravo, has not been served (ECF No. 15) and Plaintiff is not currently seeking default judgment against him.

3

For purposes of default judgment, "the court must accept as true all well-pleaded allegations in the complaint." *Woodside Credit, LLC v. Prime Car Sales, Inc.*, No. 19-cv-2819 (ERK)(RER), 2020 U.S. Dist. LEXIS 35848, at *4 (E.D.N.Y. Feb. 28, 2020) (quoting *Said v. SBS Elecs., Inc.*, No. 08-cv-3067 (RJD)(JO), 2010 U.S. Dist. LEXIS 31744, at *6 (E.D.N.Y. Feb. 24, 2010)). The burden of proof is on the plaintiff to show that its allegations establish the defaulting party's liability on each claim. *Said*, 2010 U.S. Dist. LEXIS 31744, at *6. However, the court may draw reasonable inferences in the movant's favor. *Abbas v. Hestia Tobacco, LLC*, No. 18-cv-5151 (ENV)(RER), 2020 U.S. Dist. LEXIS 158458, at *7 (E.D.N.Y. Aug. 28, 2020) (citing *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981)); *see also Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)).

As to damages, the movant must show that "the compensation sought 'naturally flow[s] from the injuries pleaded.'" *Copperwood*, 2021 U.S. Dist. LEXIS 26755, at *4 (quoting *Greyhound Exhibit Grp. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 159 (2d Cir. 1992)). However, "[i]t is the court's responsibility to establish that damages have an evidentiary basis that can be ascertained with 'reasonable certainty.'" *Woodside Credit*, 2020 U.S. Dist. LEXIS 35848, at *4 (quoting *Xin Long Lin v. New Fresca Tortillas, Inc.*, No. 18-cv-3246 (RJD)(RER), 2019 U.S. Dist. LEXIS 74505 (E.D.N.Y. May 1, 2019)). "[A]lthough the court must ensure that there is a basis for the damages specified in a default judgment, it may, but need not, make the determination through a hearing." *Cement Masons' Local 780 Tr. Fund v. Integrated Structures Corp.*, No. 11-cv-4161 (SJ)(RER), 2012 U.S. Dist. LEXIS 138558, at *7 (E.D.N.Y. Aug. 24, 2012) (quoting *Fustok v. Conti Commodity Servs., Inc.*, 122 F.R.D. 151, 156 (S.D.N.Y.1988), *aff'd*, 873 F.2d 38 (2d Cir. 1989)).

**DISCUSSION**

I. <u>Liability</u>

A. <u>Breach of Contract</u>

To prove breach of contract under New York law, a party must make a prima facie showing that there was "(1) a contract; (2) performance of the contract by one party; (3) breach by the other party; and (4) damages." *First Invests. Corp. v. Liberty Mut. Ins. Co.*, 152 F.3d 162, 168 (2d Cir. 1998) (quoting *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 525 (2d Cir. 1994)).[2] Here, BASF pleads sufficient facts to establish Gabriel's' breach of contract.

First, there was a contract. Based on a review of the allegations in the Complaint, and the supporting documentation, BASF has established that a contract existed between itself and Gabriel's. (Compl. ¶¶ 10-15; Requirements Agreement). Second, BASF has performed its obligations under the Requirements Agreement, having paid consideration to Gabriel's and being ready and willing to continue to supply Refinish Products to Gabriel's. (Compl. ¶ 22). Third, BASF has established that Gabriel's failed to perform its obligations under the Requirements Agreement, showing that Gabriel's breached the contract by closing its business before fulfilling the minimum

---

[2] Relying on a choice-of-law provision in the Requirements Agreement, BASF contends that Michigan law applies. (Requirements Agreement ¶ 7; Pl.'s Mot. at 2). Notwithstanding that choice-of law provision, the Court will apply New York law. Neither BASF nor Gabriel's are citizens of Michigan (compl. ¶¶ 2-3) and a substantial part of the events or omissions giving rise to the claims occurred in New York (*id*. ¶ 8). Therefore, Michigan has insufficient contacts with the dispute, and Michigan law need not be applied. *E.g., Star Ins. Co. v. Champion Const. Servs. Corp*., No. 13-cv-3635 (RML)(ARR), 2014 WL 4065093, at *3 (E.D.N.Y. July 30, 2014) (under New York conflict of law rules, despite presumption of enforceability, choice-of-law provision need not be applied if the selected forum has insufficient contacts with the dispute), *adopted by*, 2014 WL 4065094 (E.D.N.Y. Aug. 15, 2014). In addition, there does not appear to be any conflict between the laws of New York and Michigan with respect to breach of contract. *AEI Life, LLC v. Lincoln Benefit Life Co.*, 225 F. Supp. 3d 136, 143 (if contractual choice-of-law provision is disregarded court must determine if there is an actual conflict between the laws of the jurisdictions involved); *Rochlani v. Aaron*, No. 336651, 2018 WL 4209001 (Mich. Ct. App. Sept. 4, 2018) (citing *Bank of Am., N.A. v. First Am. Title Ins. Co.*, 878 N.W.2d 816 (Mich. 2016)); *Merch. Cash & Cap., LLC v. Haute Soc'y Fashion, Inc.*, No. 16-cv-2696, 2017 U.S. Dist. LEXIS 104821 (E.D.N.Y. July 5, 2017) (citing *Nat'l Mkt. Share, Inc. v. Nat'l Bank*, 392 F.3d 520, 525 (2d Cir. 2004)). Accordingly, this dispute will be analyzed under New York law.

purchase requirement of BASF Refinish Products described in the Requirements Agreement (*id.* ¶ 16), and failing to refund BASF 75% of the $299,940 Contract Fulfillment Consideration. (*Id.* ¶ 19). Lastly, Gabriel's' failure to perform the contract resulted in damages to BASF. BASF has suffered actual damages attributable to this breach of contract: $224,955 for a refund of 75% of the Contract Fulfillment Consideration and the outstanding minimum purchase–agreement balance of $1,110,945. (*Id.* ¶ 28).

Accordingly, BASF has established its claim for breach of contract, and I respectfully recommend granting default judgment on that claim. *See Copperwood*, 2021 U.S. Dist. LEXIS 26755, at *6-7.

B. <u>Unjust Enrichment</u>

BASF has also brought a claim for unjust enrichment. However, "New York law does not permit recovery under unjust enrichment where such claims are duplicative of a breach of contract claim and the court has determined that there is an enforceable contract that governs the same subject matter." *Copperwood*, 2021 U.S. Dist. LEXIS 26755, at *7-8; *see also Gross Found., Inc. v. Goldner*, 2012 U.S. Dist. LEXIS 171861, at *35-36 (E.D.N.Y. Dec. 4, 2012) (dismissing plaintiff's unjust enrichment claim as duplicative of the breach of contract claim because the contract governed the same alleged debts as the unjust enrichment claim); *Glob. Funding Grp., LLC v. 133 Cmty. Rd., Ltd.*, 251 F. Supp. 3d, at *533 (E.D.N.Y. 2017) (dismissing an unjust enrichment claim because it was directly duplicative of the breach of contract claim). Here, Plaintiff's unjust enrichment claim arises from the same set of facts and the same contract as the breach of contract claim. (Compl. ¶¶ 16-22). As the Court has already determined that BASF sufficiently established the existence of a valid contract and Gabriel's' breach, I respectfully recommend that default judgment as to the unjust enrichment claim be denied.

6

II.  Damages

A. Monetary Damages

"Under New York law, it is well-settled that '[a] party injured by breach of contract is entitled to be placed in the position it would have occupied had the contract been fulfilled according to its terms.'" *Arch Specialty*, 2017 U.S. Dist. LEXIS 22530, at *11 (quoting *Merrill Lynch & Co. Inc. v. Allegheny Energy, Inc.*, 500 F.3d 171, 185 (2d Cir. 2007)). Here, BASF alleges that Gabriel's purchased only $822,055 worth of Refinish Products (43% of its Minimum Purchases requirement) before its breach, leaving an outstanding balance of $1,110,945. (Compl. ¶ 18). BASF also alleges that Gabriel's has not refunded BASF 75% of the $299,940 Contract Fulfillment Consideration as required by their contract, amounting to $224,955. (*Id.* ¶ 19). In total, BASF alleges that Gabriel's' breach resulted in damages to BASF in the amount of at least $1,335,900. (*Id.* ¶ 30). BASF has submitted a copy of the Requirements Agreement in support of its request for damages, as well as affidavits and other evidence. (ECF No. 13). The amount of damages is readily computable from the Requirements Agreement and the Complaint; as such, I respectfully recommend that the Court award BASF $1,335,900[3] in damages.

B. Prejudgment Interest

BASF also seeks prejudgment interest on the monetary damages. (Compl. at 9). Under New York law, if a plaintiff prevails on a claim for breach of contract, that plaintiff is also entitled to prejudgment interest. *Arch Ins. Co. v. Sky Materials Corp.*, 2021 U.S. Dist. LEXIS 19806, at *27 (E.D.N.Y. Jan. 29, 2021) (quoting *Mktg. Devs., Ltd. V. Genesis Imp. & Exp., Inc.*, 2009 U.S. Dist. LEXIS 118313, at *29 (E.D.N.Y. Sept. 30, 2009)); N.Y. CPLR § 5001. As such, BASF is entitled to prejudgment interest. *See Bricklayers Ins. & Welfare Fund v. Rockmore Contracting Corp.*,

---

[3] $1,110,945 + $224,955 = $1,335,900.

7

2013 U.S. Dist. LEXIS 71501, at *12-13 (E.D.N.Y. Mar. 8, 2013) (awarding prejudgment interest because the plaintiffs prevailed on their claims for breach of contract). "In awarding prejudgment interest for such claims, federal courts must use state interest rates." *Id.* at *13 (citing *FCS Advisors, Inc. v. Fair Fin. Co.*, 605 F.3d 144, 149 (2d Cir. 2010)). "The prejudgment interest rate under New York law is nine percent per annum." *Arch Specialty*, 2017 U.S. Dist. LEXIS 22530, at *13 (citing N.Y. C.P.L.R. §§ 5001(b), 5004). Therefore, prejudgment interest in this case is appropriate at a rate of nine percent per annum.

"In New York, a claim for breach of contract accrues upon breach." *Arch Specialty*, 2017 U.S. Dist. LEXIS 22530, at *13 (citing *Guilbert v. Gardner*, 480 F.3d 140, 149 (2d Cir. 2007)). Prejudgment interest should be calculated "from the earliest ascertainable date the cause of action existed," N.Y. C.P.L.R. § 5001(b), "until the date of final judgment." *Nuera Commc'ns, Inc. v. Telron Commc'ns USA, Inc.*, No. 00-cv-9167 (RMB)(FM), 2002 U.S. Dist. LEXIS 26249, at *3 (S.D.N.Y. Nov. 15, 2002). "The court has 'wide discretion' in determining the reasonable date from which to award prejudgment interest." *First Horizon Bank v. Moriarty-Gentile*, 2012 U.S. Dist. LEXIS 139581, at *14 (E.D.N.Y. Aug. 17, 2012) (quoting *Nuera Commc'ns*, 2002 U.S. Dist. LEXIS 26249, at *3. Here, Gabriel's breached the Requirements Agreement in December 2019. (Compl. ¶ 16). Therefore, December 31, 2019 is a reasonable date for the purposes of determining accrual of prejudgment interest. Accordingly, I respectfully recommend that prejudgment interest should be awarded to BASF based on the following calculation: ($1,335,900 x .09)/365 = $329.40 per diem from December 31, 2019 through the date of entry of final judgment.

### C. Declaratory Relief

BASF also seeks declaratory judgment that the Requirements Agreement is in full force and effect. The Declaratory Judgment Act provides, "[i]n a case of actual controversy within its

8

jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). "In addition to damages and costs, courts are empowered to grant declaratory relief following default." *Arch Ins. Co.*, 2021 U.S. Dist. LEXIS 19806, at *19; 28 U.S.C. § 2201(a). For a federal court to enter a declaratory judgment, there must be "a case of actual controversy within [the court's] jurisdiction." 28 U.S.C. § 2201(a). "To determine whether such a controversy exists, the Second Circuit has instructed district courts to ask if a declaratory judgment will serve a useful purpose in clarifying or settling the legal issues involved and would finalize the controversy and offer relief from uncertainty." *Arch Ins. Co.*, 2021 U.S. Dist. LEXIS 19806, at *19 (citing *Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co.*, 411 F.3d 384, 389 (2d. Cir. 2005)). "A declaratory judgment is an appropriate form of relief on a motion for a default judgment only where the movant 'establish[es] a right to a declaration against such a defendant.'" *Id.* at *19-20 (quoting *Cont'l Ins. Co.*, 2009 U.S. Dist. LEXIS 104126, at *3).

Here, BASF has adequately alleged an actual controversy, and shown that it is entitled to a declaratory judgment to settle that controversy. Therefore, I respectfully recommend that the Court enter a declaratory judgment that the Requirements Agreement is in full force and effect.

D. Costs and Fees

BASF also seeks a Clerk's filing fee of $402 and service of process fees totaling $307.50. (ECF No. 13-4 ("Marino Decl.") ¶ 8; ECF No. 13-8 ("Exhibit D")). A prevailing party is ordinarily entitled to recover reasonable costs. *Arch Specialty*, 2017 U.S. Dist. LEXIS 22530, at *14-15 (citing *Cont'l Cas. Co. v. Contest Promotions NY, LLC*, 2016 U.S. Dist. LEXIS 40782, at *21 (E.D.N.Y. Mar. 28, 2016)) "Court filing and service fees are considered reasonable expenditures."

9

*Opulen Ventures, Inc. v. Axxcessa, LLC*, No. 12-cv-01776 (RRM)(RER), 2013 U.S. Dist. LEXIS 31494, at *16. Accordingly, I respectfully recommend that BASF be awarded $709.50[4] in costs.

## CONCLUSION

Based on the foregoing, I respectfully recommend that the Court: (1) grant Plaintiff's motion for a default judgment as to the breach of contract claim; (2) deny Plaintiff's motion for default judgment as to the unjust enrichment claim; (3) enter a declaratory judgment that the Requirements Agreement is in full force and effect; and (4) award Plaintiff monetary damages in the amount of $1,335,900 together with $329.40 per diem in prejudgment interest from December 31, 2019 though the date of judgment, and $709.50 in costs.

Plaintiff is hereby directed to serve copies of this Report and Recommendation upon Gabriel's by regular and certified mail and to file proof of service with the Clerk of the Court. Any objections to the recommendations made in this Report must be filed with the Clerk of the Court and the Honorable Eric N. Vitaliano within fourteen (14) days of receipt hereof. Failure to file timely objections waives the right to appeal the District Court's Order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

RESPECTFULLY RECOMMENDED

**/s/ Ramon E. Reyes, Jr.**

RAMON E. REYES, JR.
United States Magistrate Judge

Dated: January 12, 2022
    Brooklyn, NY

---

[4] $402 + $307.50 = $709.50.